IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALERIE SMITH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 10-157-JJF-LPS |
| | : |
| NATIONWIDE INSURANCE, STATE | : |
| FARM INSURANCE COMPANY, and | : |
| THE FLORIDA A & M COLLEGE, | : |
| | : |
| Defendants. | : |

Valerie Smith, Pro se Plaintiff. Jane E. Mitchell Building, Delaware Psychiatric Center, New Castle, Delaware.

**MEMORANDUM OPINION**

July 8, 2010
Wilmington, Delaware

Farnan, District Judge

Plaintiff Valerie Smith ("Plaintiff"), an inmate at the Delaware Psychiatric Center, New Castle, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. She appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 9.) For the reasons discussed below, the Court will dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I. **BACKGROUND**

Plaintiff's original Complaint raises claims against Defendants Nationwide Insurance and State Farm Insurance Company. (D.I. 1.) However, in a later filing Plaintiff states, "disregard what I wrote about the [two] insurance companies and the car accident. I just want to sue Florida A & M College." (D.I. 8.)

Plaintiff sues Defendant Florida A & M College ("Florida A & M") for the theft of a picture that she drew of an old white man. Plaintiff alleges the picture was stolen by Jermaine McCullough when Plaintiff was recruited at the University of Maryland Eastern Shore in Princess Ann, Maryland. Plaintiff asks the Court to contact the Florida A & M Art Department. She states, "maybe the College didn't know it was stolen but they have it." (D.I. 8.) Plaintiff claims the picture is a masterpiece, and she seeks $550,000 in damages.

1

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see,

e.g., <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See <u>Ashcroft v. Iqbal</u>, -U.S.-, 129 S.Ct. 1937 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." <u>Id.</u> at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim

are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[1] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Plaintiff claims that a non-Defendant stole her drawing of an old white man, that perhaps Florida A & M does not know the drawing is stolen, but nonetheless the drawing is in its possession. The Court concludes that Plaintiff has no cognizable claims. To the extent that Plaintiff has not recovered her drawing due to Florida A & M's negligence, she has no due process

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

4

claim. See Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."). To the extent Florida A & M acted intentionally, due process is satisfied if the state affords a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[I]ntentional deprivations [of property] do not violate [the Due Process] Clause provided . . . that adequate state post-deprivation remedies are available."). The States of Delaware, Maryland, and Florida provide such a remedy. See Nicholson v. Carroll, 390 F. Supp. 2d 429, 435 (D. Del. 2005); Acierno v. Preit-Rubin, Inc., 199 F.R.D. 157 (D. Del. 2001); Moore v. Gluckstern, 548 F. Supp. 165 (D. Md. 1982); Gibson v. Department Of Corr., Civ. No. 3:09cv220/LAC/MD, 2009 WL 3806249 (N.D. Fl. Nov. 12, 2009). Accordingly, the Plaintiff's claims based on her alleged loss of property will be dismissed.

## IV. CONCLUSION

For the reasons discussed, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate Order will be entered.